May Term,
1851.

RAILSBACK
v.
THE LIBERTY
AND ABINGTON
TURNPIKE
COMPANY.

Court had no jurisdiction of the present case, and the indictment was rightly dismissed.

The judgment is affirmed.

*J. S. Scobey*, for the state.

*A. Davison*, for the defendant.

RAILSBACK *v.* THE LIBERTY AND ABINGTON TURNPIKE COMPANY.

The defendant subscribed for four shares of stock in the *Liberty and Ab
ington* turnpike company after a location had been made. Subsequent-
ly, this location was changed, and a different route adopted. *Held*, that
said change did not, of itself, constitute any defence for the recovery of
the subscription.

Parol evidence is not admissible to prove that an agreement in writing to
pay money unconditionally, was accompanied with an agreement that it
should be paid conditionally.

In this case the general issue was alone pleaded. *Held*, that the plea ad-
mitted that the plaintiff was a corporation, and therefore, an objection
that the company was not properly organized was not tenable.

*Wednesday,
July 9.*

APPEAL from the *Wayne* Circuit Court.

SMITH, J.—Debt, upon the following described note :

"$20.                                          *May* 2d, 1848.

"One day after date, I promise to pay to the *Liberty*
and *Abington* turnpike company twenty dollars, being the
first instalment on ——— shares of the stock of said com-
pany subscribed by me.       *David Railsback*, Junior."

The cause was commenced before a justice of the
peace and appealed to the Circuit Court, where there was
a trial upon the general issue and judgment for the plain-
tiff.

It appeared in evidence that *Railsback* subscribed for
four shares of stock of the company named in the note,
after a location of the road had been made, and before
that location was changed by the subsequent adoption of
a different route, as in the case of *Colvin* against the
same company, decided at this term (1). It was decided
in that case that such a change of location did not of it-

self constitute any defence against the recovery of the subscription.

It was proved, in this case, that, after the defendant had subscribed for two shares of the stock, an agent of the company solicited him to make an additional subscription, and, with the view of inducing him to do so, pointed out the convenience it would be to him, to have a bridge over a certain stream, near his property, at a point where such a bridge would have been built, if the original location had been adhered to. The defendant accordingly subscribed for two additional shares, the original subscription for two shares being changed to a subscription for four shares, and it was for the first instalment due on these four shares that the note sued upon was given. At the time this subscription was made the agent of the company had no knowledge or information that the location would be changed.

It is contended that this evidence shows that the subscription for two shares of this stock, at least, was made upon condition that a bridge would be built at the point indicated; but if it could be construed to amount to that, it would not be a sufficient defence, as it has been repeatedly decided that parol evidence is not admissible to prove that an agreement in writing to pay money unconditionally, was accompanied with an agreement that it should only be paid conditionally. See *Harvey* v. *Laflin*, at this term (2).

The general issue admits that the plaintiff is a corporation, and, therefore, an objection raised by the defendant that the company was not properly organized, is not tenable. That was not a question in issue, and it was unnecessary for the plaintiff to prove its organization. *Dunning* v. *New Albany and Salem R. R. Co.*, November term, 1850 (3).

*Per Curiam.*—The judgment is affirmed with 5 *per cent.* damages and costs.

*J. Perry*, for the appellant.

*J. S. Newman*, for the appellee.

(1) See *ante*, p. 511.　(2) See *ante*, p. 477.　(3) See *ante*, p 437.