RICHARD W. HALE & another *vs.* CHESHIRE RAILROAD COMPANY & another.

Suffolk.   January 22, 1894. — May 21, 1894.

Present: ALLEN, HOLMES, MORTON, & BARKER, JJ.

*Consolidation of Railroad Companies — Rights of Dissenting Stockholder.*

Where the consolidation of two railroad companies has been authorized by legislative authority, a dissenting stockholder cannot maintain a claim for better terms than those given by the vote of consolidation, if such vote was by a majority of the stockholders of each company acting in good faith and within such legislative authority.

The provisions of Pub. Sts. c. 105, §§ 41, 42, as to the ordinary liquidation or winding up of the affairs of a corporation, do not apply to the consolidation of two railroad companies under legislative sanction.

BILL IN EQUITY, filed December 8, 1891, by two holders of shares of the common stock of the Cheshire Railroad Company,

against that company and the Fitchburg Railroad Company, to obtain better terms than those given by the vote of consolidation agreeably to the provisions of St. 1887, c. 389, and of c. 257 of the Laws of New Hampshire of the same year.

The Cheshire Railroad Company demurred to the bill for want of equity, and because the plaintiffs had not stated any facts entitling them to an account, or sufficient to show that they had any interest in the disposition of the assets, funds, and property of the Cheshire Railroad Company, or that they were entitled to any further compensation or relief than were provided for them in the agreement of consolidation. The Fitchburg Railroad Company assigned the same causes of demurrer, with the additional cause that the plaintiffs had not stated any facts entitling them to any relief from the Fitchburg Railroad Company, or showing that that company had any assets or property in its possession in which the plaintiffs had any interest.

Hearing before *Mason*, C. J., who sustained the demurrers, and the plaintiffs appealed to this court. The material facts appear in the opinion.

*G. S. Hale*, for the plaintiffs.

*G. A. Torrey*, for the defendants.

ALLEN, J. By virtue of Pub. Sts. c. 105, § 3, and earlier statutes, the charter of the Cheshire Railroad Company was subject to amendment, alteration, or repeal at the pleasure of the General Court. Each of the two plaintiffs became the owner of a single share of the common stock subject to this liability of alteration. By St. 1887, c. 389, § 2, the railroad company was authorized to unite and consolidate with the Fitchburg Railroad Company on such terms and conditions as should be approved by a majority in interest of the stockholders of each corporation. Each corporation had common stock and preferred stock. A consolidation was made on the terms, in part, that each holder of four preferred shares in the Cheshire Railroad Company should receive five preferred shares in the new company, and each holder of two shares of common stock should receive one preferred share in the new company. This consolidation was duly voted, and approved by a majority in interest of the stockholders of each corporation.

The plaintiffs now contend that they are not bound by these

terms, and that they are entitled to receive the same as preferred shareholders receive, or, if the agreement of consolidation does not allow this, then that they are entitled to go behind the agreement and have their share of the assets of the Cheshire Railroad Company as upon an ordinary liquidation of its affairs, and to have an accounting accordingly.

We do not take this view of the rights of the plaintiffs. Dissenting stockholders are bound by the vote of the majority, acting in good faith and within legislative sanction. It was within the constitutional power of the Legislature to authorize the consolidation. If the plaintiffs had any ground for complaint as to the terms of the plan of consolidation, they should have tried to prevent its going into effect. They virtually concede, however, that the Legislature might sanction a consolidation which should go into effect against their protest. Since the consolidation has gone into effect, they cannot now maintain a claim for better terms to themselves than have been voted. *Durfee* v. *Old Colony & Fall River Railroad*, 5 Allen, 230. *Agricultural Branch Railroad* v. *Winchester*, 13 Allen, 29. *Nugent* v. *The Supervisors*, 19 Wall. 241. *Pennsylvania Railroad* v. *Miller*, 132 U. S. 75, 83. *Bishop* v. *Brainerd*, 28 Conn. 289. *Sparrow* v. *Evansville & Crawfordsville Railroad*, 7 Ind. 369. *Bish* v. *Johnson*, 21 Ind. 299.

The plaintiffs contend that, under Pub. Sts. c. 105, §§ 41, 42, common and preferred stockholders should stand on the same footing. That is true in case of an ordinary liquidation or winding up of the affairs of a corporation, if there is nothing in its charter or articles to show otherwise ; but the rule is not applicable to a case of consolidation like the present.

*Decree sustaining demurrer affirmed.*