IN THE

# SUPREME COURT OF APPEALS

OF

# VIRGINIA.

## 𝔚𝔶𝔱𝔥𝔢𝔳𝔦𝔩𝔩𝔢.

WATKINS v. WEST WYTHEVILLE LAND & IMPROVEMENT CO.

JULY 25, 1895.

| | |
|---|---|
| 92 | 1 |
| 92 | 77 |
| 92 | 1 |
| 93 | 265 |
| 92 | 1 |
| 95 | 371 |
| 95 | 562 |
| 92 | 1 |
| 96 | 262 |
| 96 | 647 |
| 92 | 1 |
| 197 | 604 |
| 92 | 1 |
| 98 | 734 |
| 92 | 1 |
| 100 | 713 |
| 100 | 731 |
| 92 | 1 |
| 101 | 34 |
| 92 | 1 |
| 105 | 186 |
| 92 | 1 |
| 107 | 28 |

1. CONTRACTS—*Misrepresentation—Rescission—Damages—Set-Off Under Section 3299 of the Code.*—A party claiming to have been damaged by fraud or misrepresentation in the procurement of a contract for the sale or purchase of real estate may elect to rescind the contract, or may proceed at law to recover damages. If sued at law on bonds given for deferred payment of purchase money, he may file a special plea under section 3299 of the Code, and have set off against the plaintiff's demand the amount of damages sustained by him in consequence of such fraud or misrepresentations.

2. CONTRACTS—*Misrepresentations of Fact—Opinion.*—A misrepresentation, the falsity of which will afford a ground of action for damages, must be of an existing fact. It must be an affirmative statement of some fact, in contradistinction to a mere expression of opinion. A representation that certain enumerated improvements will be made is the mere expression of an opinion, and the failure to make such improvements constitutes no defence to an action on a contract induced by such representations.

Error to a judgment of the Circuit Court of Wythe county,

rendered September 28, 1893, in an action of debt, wherein the defendant in error was the plaintiff, and the plaintiff in error was the defendant.     •    *Reversed.*

This was an action of debt on two bonds executed by the plaintiff in error to the defendant in error for deferred payments of purchase money on a parcel of land. The defendant pleaded *payment*, and also tendered three special pleas, which, on objection of the plaintiff, the court declined to receive. Thereupon the defendant withdrew his plea of payment, and judgment was entered for the plaintiff for the amount claimed in his declaration. The special pleas offered were as follows :

## *Special Plea No: 1.*

" And the said defendant, by his attorney, comes and says that before the making of the said writings obligatory in the plaintiff's said declaration mentioned, to-wit, respectively, on the 9th and 10th days of October, 1890, the said plaintiff, in consideration that the said defendant would purchase the lots of land in the declaration mentioned, to-wit, lots No. 106, Nos. 23, 24, and 25, as indicated on a map of the said company, at and for a certain price, to-wit, the sum of $1,000.00, undertook, and then and there faithfully promised the said defendant that there should be constructed and built upon said company's land, and near the lots aforesaid, a hotel to cost not less than fifty thousand dollars ; and the said defendant avers that he, trusting and confiding in the said promise and undertaking of the said defendant, did afterwards, to-wit, on the days and year last aforesaid, buy the said lots of the said plaintiff, and did execute and deliver to the said plaintiff the writings aforesaid, whereon this action is founded, in part payment of the price aforesaid of said lots, and there was no other consideration or inducement whatsoever for the making of said writings.

" And the said defendant further says that the said plaintiff did not perform or regard its said promise and undertaking, but therein wholly failed in this, that the said hotel has never been built; and the said defendant avers that, by reason of the breach aforesaid of the said promise and undertaking of the said plaintiff, the said lots became and were of little or no use or value to the said defendant.

" And the said defendant says that by reason of the premises aforesaid he has suffered and sustained damages amounting in the whole to a large sum of money, to-wit, the sum of $900.00, which is still unpaid, due, and owing from the said plaintiff to the said defendant. And the said defendant is ready and willing, and hereby offers, in pursuance of the statute in such case made and provided, to set off and allow the same against the sum of money payable to the said plaintiff by the said defendant by force of the said writings upon which this action is founded.

" And this the said defendant is ready to verify."

## Special Plea No. 2.

" And for further plea in this behalf the said defendant, by his attorney, comes and says that before the making of the said writings obligatory in the plaintiff's declaration mentioned, to-wit, respectively, on the 9th and 10th days of October, 1890, the said plaintiff, in consideration that the said defendant would purchase the lots of land in the declaration mentioned, to-wit, lots No. 106, Nos. 23, 24, and 25, as indicated on a map of the said company, at and for a certain price, to-wit, the sum of $1,000.00, represented that the Jackson Park Hotel, to cost fifty thousand dollars, would be built on the company's land, and near the lots aforesaid; and the said defendant avers that he, trusting and confiding in the said representation of the said plaintiff, did afterwards, to-wit, on the days and year last aforesaid, buy the said lots

of the said plaintiff, and did execute and deliver to the said plaintiff the writings aforesaid, whereon this action is founded, in part payment of the price aforesaid of the said lots, and there was no other consideration or inducement whatsoever for the making of said writings.

" And the defendant further says that the said plaintiff did not perform or regard its said representation and undertaking, and therein wholly failed in this, that the said hotel has never been built; and the said defendant avers that, by reason of the breach aforesaid of the said representation and undertaking of the said plaintiff, the said lots became and were of little or no use or value to the said defendant.

" And the said defendant says that by reason of the premises aforesaid he has suffered and sustained damages amounting in the whole to a large sum of money, to-wit, the sum of $900.00, which is still unpaid, due, and owing from the said plaintiff to the said defendant. And the said defendant is ready and willing, and hereby offers, in pursuance of the statute in such case made and provided, to set off and allow the same against the sum of money payable to the said plaintiff by the said defendant by force of the said writings upon which this action is founded.

" And this the said defendant is ready to verify."

### Special Plea No. 3.

" And the said defendant, by his attorney, comes and says that before the making of the said writings in the declaration mentioned, to-wit, on the 9th and 10th days of October, 1890, the plaintiff, by its president, J. C. Green, and its manager, W. S. Poage, offered for sale a large number, to-wit, 200, of its building lots, represented on its map as the lands of the West Wytheville Land and Improvement Company's property, and in consideration that the defendant would buy at certain· prices, payable one-third cash, one-third

Statement.

with interest in one year, and one-third with interest in two years, certain of said lots, to-wit, lots Nos. 106, 23, 24, and 25, as laid down on said map, the said plaintiff, by its president, secretary, and manager, W. S. Poage, and its agents, Carnahan & Hurt, all then and there being duly authorized and acting agents of the plaintiff to sell lots, undertook and promised the defendant that within a reasonable time there would be erected or built upon said company's land, and near the lots named, a hotel to cost $50,000; that an electric car line would be built, running near said hotel, and that on land adjacent and near thereto a large stove and range foundry, and other manufacturing plants, would be erected, and were in process of erection; and that, by reason of said improvements, and particularly the hotel, said lots would be very desirable and valuable. And the defendant says that, confiding in said undertakings and representations and promises of the plaintiff, the defendant did then and there, to-wit, on the days and year last aforesaid, buy said lots, four in all; and the price of said lot No. 106, viz., $250, was payable one-third cash, one-third with interest at one year, and one-third with interest at two years from said 9th day of October, 1890; and the price of said lots Nos. 23, 24, and 25 was $750, payable one-third cash, one-third with interest at one year, and one-third with interest at two years from said 10th day of October, 1890. And the defendant avers that he did then and there pay said cash payments, and make and deliver to the plaintiff one bond for the deferred payments for said lot No. 106, payable one year after date of the same, with interest for $83.33, and one bond for same, and for same amount, payable two years after date, and delivered said bonds to the plaintiff, and did also make and deliver to the plaintiff for Lots 23, 24, and 25, for the first deferred payment on same, one bond for $250, dated October the 10th, 1890, and payable one year after date, with interest from date, and also

one bond for second deferred payment for $250, payable two years after date, with interest from date. And the defendant says that he has paid the said bonds for $83.33 and for $250, given for the first deferred payments for said lots as aforesaid, upon the further representation and assurance of the secretary and manager of the said company, W. S. Poage, that, though the hotel, at the time said notes became due, was not completed, it would be completed by the following spring or summer, in time for summer boarders. And the defendant says that the undertakings, representations, and promises of the plaintiff were the only cause, inducement, or consideration for the making of said cash payments, and the making, executing, and delivering said bonds for paying the first deferred payments.

" And the defendant says that the plaintiff did not perform and fulfill its said undertakings, representations, and promises, but utterly failed and made default in this, that though a reasonable time within which to build said hotel and industrial plants and said electric car line has long since elapsed, and the period for summer boarders, not only for the year 1892, but for the year 1893, has since passed, yet no hotel has yet been built on said company's land, nor has any of the industrial plants been erected and put in operation, nor the electric street-car line been completed or put in operation ; so that the said lots purchased by him as aforesaid have become of little or no use and value to the defendant, to-wit, of not greater value than $25 per lot, aggregating $100 for the four lots.

" And the defendant says that by reason of the premises he has suffered great loss and damage, amounting to the sum of $900, and still unpaid, which are now due and owing from the plaintiff to the defendant. And the defendant is ready and willing, and hereby offers, [as is] in such case made and provided, to set off and allow the same against the said sum

of money supposed to be due and payable by the defendant to the plaintiff, so far as may be necessary, and asks judgment in behalf of the defendant for the excess of the amount of said damages which by the defendant are claimed as aforesaid against the plaintiff over the amount claimed by the plaintiff from the defendant, to-wit; $566.67.

" And this the defendant is ready to verify."

*J. J. A. Powell* and *C. B. Thomas*, for the plaintiff in error.

*W. S. Poage* and *Walker & Caldwell*, for the defendant in error.

HARRISON, J., delivered the opinion of the court.

The West Wytheville Land and Improvement Company sold to Warner M. Watkins four lots, for the aggregate price of $1,000. Of this sum $250 was paid in cash. A deed was made to the purchaser, and a contemporaneous deed of trust was executed to secure $750, the balance of the purchase money. Payments were made on the balance thus secured, and the vendor instituted this action to recover of the vendee $333.33, with interest, that being the balance remaining unpaid upon the transaction.

The defendant filed three special pleas in writing, under section 3299 of the Code, alleging that the plaintiff represented at the time of the sale that certain valuable improvements would be erected on the company's lands, near the lots bought by defendant, which would greatly increase their value; that these representations were false; that the improvements had not been made, and that the lots had consequently become of little valne, worth not more than $25 each, aggregating $100, and that he had suffered damage to the amount of $900, which he claimed as offset to the plain-

tiff's claim, and asked for judgment against the plaintiff for $566.67, the difference between the damages claimed and the balance of the purchase money sued for.

To the filing of these pleas the plaintiff objected, and the court sustained the objection, and rejected said pleas. The court then entered judgment in favor of the plaintiff, and the defendant obtained a writ of error from this court.

It is insisted that these pleas were properly rejected, because the defence set up under them was a purely equitable one, and could not be made at law; that the defendant, by his pleas, sought to rescind and set aside his contract of purchase, and to re-invest the vendor with the title to the lots.

We do not understand this to be the purpose or effect of these pleas. On the contrary, they expressly set out the value of the lots, in consequence of the false representations complained of, and only claim damage by way of offset for the difference. The purchase price of the lots was $1,000. The pleas allege that they are now worth $100, and that the damage sustained, which is filed as offset, amounts to $900. No rescission of the contract of sale is asked for, nor is any needed. The defendant has a deed to the lots, and, if he were to prevail with his defence, he would only have to move the court, under the statute (section 2498), to have the deed of trust resting on the lots marked "satisfied" on the deed-book, and produce the judgment in his favor as evidence of its satisfaction.

The party claiming to have been damaged by fraud and misrepresentation in the sale or purchase of real estate may elect to ask a court of equity to rescind the contract, or proceed at law for damages. Under the rejected pleas the defendant had clearly elected to keep the lots and seek compensation for the damage sustained.

Section 3299 of the Code is as follows:

"In any action on a contract, the defendant may file a plea alleging

any such failure in the consideration of the contract, or fraud in its pro-
curement, or any such breach of any warranty to him of the title or the
soundness of personal property, for the price or value whereof he entered
into the contract, or any other matter as would entitle him either to
recover damages at law from the plaintiff, or the person under whom the
plaintiff claims, or to relief in equity, in whole or in part, against the
obligation of the contract; or, if the contract be by deed, alleging any
such matter arising under the contract, existing before its execution, or
any such mistake therein, or in the execution thereof, or any such other
matter as would entitle him to such relief in equity; and in either case
alleging the amount to which he is entitled by reason of the matters
contained in the plea.  Every such plea shall be verified by affidavit."

The language of this statute is broad and comprehensive,
and was intended to avoid a multiplicity of suits, and give
full opportunity for making defences at law under the special
plea of set-off provided for by it.  Before this statute was as
broad in its terms as now, Judge Lee, in commenting upon
it, in *Watkins* v. *Hopkins*, 13 Gratt. 743, 746, says: " The
diminution in the value of the subject by reason of the
vendor's shortcomings should therefore in some form be made
good to the vendee, and I can perceive no good reason why
compensation should not be made good in this form by an
equitable plea of offset under our statute.  Indeed, it seems
a very appropriate mode by which the diminution of the
value of the thing purchased may be compensated by a cor-
responding diminution of the price to be paid.  There is
nothing in the terms of the statute to restrict the plea of
equitable set-off to contracts in relation to personalty.  The
terms of the act are general, ' *in any action on a contract*,' and
it includes contracts by deed as well as contracts by parol,
and there can be no reason for excluding all contracts relat-
ing to the sale and purchase of real property from the ope-
ration."

In the case of *Grayson* v. *Buchanan*, 88 Va. 251, this court
held pleas under section 3299 good which were filed for the
purpose of recovering damages for a deficiency in the quan-

tity of land, and for the loss of one-half of a spring which the vendor represented was on the land sold.

In the case of *Mangus* v. *McClelland,* decided at the present term of this court, in which special pleas filed under section 3299 were rejected, it appeared that the object of the pleas was, not only the recovery of damages for the false representation made to the defendant, but to have the contract between the parties *rescinded,* and to *re-invest* the vendor with the title to the lots which he had conveyed to the vendee; and a deed was filed with the pleas from the defendant reconveying the several lots to the plaintiff, and waiving and relinquishing all claim upon them on the part of the defendant. The court held that the pleas were not available in such a case, because a court of law was not competent to do complete justice between the parties, and recourse must of necessity be had to equity. The only object of the pleas in the case at bar was the recovery of damages by way of set-off resulting from failure of consideration, in consequence of the false representations of the vendor.

In a case, therefore, where the equitable grounds relied on would require a rescission of the contract, and a re-investment of the vendor with the interest alleged to have been sold, a plea by way of special set-off under section 3299 could not be relied on ; but where no rescission is asked for, and none is needed—the only purpose of the plea being to ascertain the damage sustained by reason of the default of the vendor—the plea can be relied on and the defence made at law under the statute. The pleas were therefore improperly rejected on the ground that the defence could not be made at law.

The second and third pleas make in somewhat different form the same defence. They allege that the inducement to the defendant to buy the lots was the representation by the plaintiff, at the time of the sale, that there would be built upon the company's land, and near the lots sold defendant, a

hotel to cost $50,000; that an electric street-car line would be built, running near said hotel; and that on land adjacent and near thereto a large stove foundry, and other manufacturing plants, would be erected, and were in process of erection; and that by reason of said improvements, and particularly the hotel, the lots would be very desirable and valuable; that these representations were relied on by the defendant, and constituted the sole inducement to the purchase.

A misrepresentation, the falsity of which will afford a ground of action for damages, must be as to an existing fact. It must be an affirmative statement or affirmation of some fact, in contradistinction to a mere expression of opinion, which ordinarily is not presumed to deceive or mislead. This is the general rule in all this class of cases, and we are unable to perceive that the case stated in these two pleas comes within any exception to the rule.

When, for the purpose of obtaining a subscription, a promise was made that a branch road would be built, it was held that this promise was but the expression of an existing intention, which was liable to be changed, and was no defence. *McAllister* v. *Indianapolis R. R.*, 15 Ind. 11, cited in Cook on Stockholders, sec. 138. The pleas under consideration allege the mere expression of an opinion by the plaintiff, or its agents, that the improvements mentioned would be built. This is not such an affirmative statement or affirmation of fact as would make the plaintiff liable in damages, and was therefore no defence, and these two pleas were properly rejected as insufficient.

The first plea does not allege any fraud, misrepresentation, or other conduct on the part of the plaintiff that would entitle the defendant to the relief sought; but it does allege, substantially, that at the time of making the writings sued on, and contemporaneously with the contract of sale, and as a part thereof, the plaintiff, in consideration, that the defendant

would purchase the lots, undertook, and then and there faithfully promised the defendant, that there should be constructed and built upon said company's lands, and near the lots sold, a hotel to cost not less than $50,000; that the defendant, relying upon this promise and undertaking of the plaintiff, did buy the lots and execute the writings sued on. It is further alleged that the plaintiff did not perform its promise or undertaking, and that by reason of the breach he has suffered damage to the amount of $900. If the allegation made in this plea can be supported by legal proof, the defendant would be entitled to recover, and hence it must be held to be a good plea, and the defendant be afforded an opportunity to prove the case stated in it by such legal evidence as he may be able to produce on the trial.

For the reasons stated, the court is of opinion that the second and third pleas were properly rejected, and is further of opinion that it was error not to allow the first plea to be filed. The judgment of the Circuit Court must therefore be reversed and set aside, and this case remanded for a new trial, to be had in accordance with the views expressed in this opinion.

*Reversed.*