MOORE

*v.*

BARKSDALE *et al.*

(*Supreme Court of Appeals of Virginia, Aug. 4, 1896.*)

[25 S. E. Rep. 529.]

**Vendor and Purchaser—False Representations—Statement of Opinion.**

A statement, by a vendor of lots to a purchaser, that pipes would be laid to the property connecting with a system of waterworks, is not a representation of a fact which will authorize a rescission of the sale on the ground of false representations.

**Sale of Property under Trust Deed—Advertisements—Injunction\*— Case at Bar.**

A sale of property under a trust deed will not be enjoined because the trustee has advertised to sell all of the property, consisting of several lots, while the law authorizes the sale of only so much as is necessary to satisfy the debt secured, the presumption being that in making the sale the law will be followed.

Appeal from hustings court of Roanoke; John W. Woods, Judge.

Bill by Charles E. Moore against T. F. Barksdale, trustee, and others. Decree dismissed on demurrer, and complainant appeals. Affirmed.

*B. Lacy Hoge,* for appellant.

*Hardaway & Payne,* for appellees.

KEITH, P., delivered the opinion of the court.

---

\*See foot-note to Grim *v.* Byrd, 32 Gratt. 293 (Va. Rep. Anno.); monographic note on ''Injunctions,'' Va. Rep. Anno.

Charles E. Moore filed his bill in the hustings court for the city of Roanoke, in which he avers that he purchased from one W. F. Wheatley, of the city of Baltimore, four lots, described in the deed of conveyance as lots 13, 14, 15, and 16, in block 34, as shown on the map of the "River View Land & Manufacturing Company"; that he made the cash payment required by his contract of purchase, assumed certain other payments, and executed his negotiable notes for the deferred payments, securing the same by deed of trust upon the property, in which T. F. Barksdale was the trustee; that, since making the purchase, he had erected on one of the lots a dwelling house at a cost of nearly $2,000; that all of the original purchase price of the lots had been paid except about $1,400; that at the time he made the purchase he was induced to believe that pipes would be laid which would bring these lots into connection with a water supply from the Roanoke Gas & Water Company, but that this had never been done ; that the trustee, Barksdale, had advertised the lots for sale by public auction, and proposed to sell the whole of the property, whereas, he should be permitted to sell only so much as would be sufficient to pay the unpaid purchase money. The prayer of the bill was that the sale might be enjoined. The injunction was awarded, and upon the hearing the defendants Barksdale and William F. Wheatley demurred to the bill, the demurrer was sustained, and the bill dismissed. To this decree an appeal was allowed to this court.

The first error assigned is that the representation that pipes would be laid connecting the property with the Roanoke Gas & Water Company was a material inducement to the appellant in making the purchase. It is well settled that a false representation of a material fact, constituting an inducement to the contract on which the purchaser relies, is ground for the rescission of a contract of sale in a court of equity. See Grim v. Byrd, 32 Grat. 293 ; Improvement Co. v. Brady, 92 Va. 71, 22 S. E. 845. The representation here, however, is not of a

fact, but, at the most, of an existing opinion, which does not constitute a ground for the relief asked for. Watkins v. Improvement Co., 92 Va. 1, 22 S. E. 554.

The next error alleged is that, while the demurrer to the bill admits that the land was sold according to the map of the "River View Land & Manufacturing Company," it appears that no such map has ever been recorded. The bill does not aver that there was any representation as to the recordation of the map ; so that, even if it were material, there is no averment that there was a false representation made with respect to it. The representation, however, whether true or false, is wholly immaterial, and in no way affects the title to the property in question.

The next error assigned is that the bill should not have been dismissed because the trustee had advertised the sale of the entire premises when a sale of a part only would be sufficient to satisfy the debt. It was proper to advertise the whole subject for sale, though it would be improper for the trustee to sell more than shall appear to be necessary, but the court cannot assume that the trustee would be guilty of a breach of duty, and, as the law forbids a trustee to sell more than is necessary to raise a fund sufficient to discharge the debt secured, the presumption is, till the contrary appears, that the trustee will confine himself within the limits prescribed by the law.

None of the assignments of error are well taken, and the decree complained of is right, and must be affirmed.