LAMBERT

*v.*

CRYSTAL SPRING LAND CO.

*(Supreme Court of Appeals of Virginia, June 24, 1897.)*

[27 S. E. Rep. 462.]

### Rescission of Contract—Misrepresentations—Case at Bar.

A purchaser cannot rescind his contract though the vendor represented that it had made arrangements with a railroad to build a station near the lots sold, such arrangements having been made, and the vendor not being responsible for the railroad's default in not building.

Appeal from circuit court of city of Roanoke.

Action by G. W. Lambert against the Crystal Spring Land Company. Judgment for defendant. Plaintiff appeals. Affirmed.

*Hardaway & Payne,* for appellant.

*L. H. Cocke,* for appellee.

KEITH, P., delivered the opinion of the court.

The appellant, G. W. Lambert, who was the plaintiff in the circuit court, filed his bill, alleging that he was induced to become the purchaser of four certain lots of land, the property of the appellee, lying near the city of Roanoke, and designated on the map of the defendant company as lots 33, 34, 35, and 36 in section 14; that, as an inducement to the purchasers of

these lots, it was represented to the plaintiff by the agents of the defendant that arrangements had been made with the Roanoke & Southern Railway Company, the line of which had been determined upon, to place a depot or station "almost in front of and across the street from the said lots," the map of the defendant company showing the proposed location of the depot. The bill further avers that this representation was a material inducement to him, without which he would not have made the purchase ; that, without the station, the lots are almost useless for business purposes, on account of their distance from the city, nor are they desirable as residences on account of their proximity to the river and the railroad ; that the Roanoke & Southern Railway Company has not erected a station in accordance with the representations above set forth, and refuses to do so.

It appears also from the agreed facts in the case that, at the time of the purchase of the lots in question, a contract existed between the Crystal Spring Land Company and the Roanoke & Southern Railway Company for the location of a depot at the point mentioned in the bill.

The bill further avers that the plaintiff would have been willing and able to pay the deferred notes if the representations made to him had been complied with.  He charges that the failure to fulfill the representations aforesaid constitutes a fraud upon him on the part of the Crystal Spring Land Company, which gives him the right to rescind the whole transaction ; and he then offers to make a deed, with general warranty, reconveying the lots to the company, upon the repayment by it of the cash payment made by him, with legal interest from the date of payment and the cancellation and surrender of his notes for the unpaid payments.

The defendant company answered, denying all fraud, admits the construction of the Roanoke & Southern Railway, and avers that the said company applied for a right of way through the

property of the respondent, which was granted upon the condition of its constructing a passenger depot upon the respondent's property ; that thereupon a deed was made for the right of way, including the conveyance of an acre of land for depot purposes at the point agreed upon, but that, for some reason unknown to the respondent, the depot has not been erected. But the respondent disclaims all responsibility for the default of the railroad company in this respect ; that the representations were of acts to be performed in the future, and were so accepted and understood by the plaintiff, upon the pleadings and proof.   There was a decree for the defendant in the circuit court, and the plaintiff applied for and obtained an appeal to this court.

This court has decided that "a misrepresentation, the falsity of which will afford a ground of action for damages, must be of an existing fact.   It must be an affirmative statement of some fact, in contradistinction to a mere expression of an opinion.   A representation that certain enumerated improvements will be made is the mere expression of an opinion, and the failure to make such improvements constitutes no defense to an action on a contract induced by such representation."   Watkins v. Improvement Co., 92 Va. 1, 22 S. E. 554.

To the same effect, see Improvement Co. v. Brady, 92 Va. 71, 22 S. E. 845, where it is said : "Upon a bill filed by a vendee of real estate for the rescission of a contract of sale, on the ground of fraudulent misrepresentations of the grantor in the procurement of the contract, the vendee, in order to obtain such rescission, must prove that the misrepresentations were of positive statements of fact made for the purpose of procuring the contract ; that they were material ; that they were untrue ; and that the party to whom they were made relied upon them, and was induced by them to enter into the contract. An untrue statement, made as a mere matter of opinion, is,

as a rule, not sufficient to entitle such vendee to relief where the parties deal upon terms of equality."

These decisions seem to cover in all respects the questions presented in this record.

We are of opinion that there is no error in the decree complained of, and it is affirmed.