## CIRCUIT COURT OF FAIRFAX COUNTY

Walker

v.

Mount Vernon Realty,
Inc., et al.

June 28, 1991

Case No. (Law) 95755

By JUDGE ROSEMARIE ANNUNZIATA

The matter before the Court is defendant PHH Homequity Corporation's Demurrer. The Court took the matter under advisement after a hearing on May 10, 1991.

The pertinent facts for the disposition of this motion are as follows and are taken as established for purposes of this Demurrer. *Burns v. Board of Supervisors*, 218 Va. 625, 627 (1977); *Duggin v. Adams*, 234 Va. 221, 223 (1987). In December, 1988, the plaintiffs contacted the defendant Spring Realty, Inc., and expressed their interest in purchasing a home which had a minimum lot size of 10,000 square feet. A real estate agent from Spring Realty later showed the plaintiffs a lot situated at 13105 Frog Hollow Court in Fairfax County and informed them that the size of the parcel was 11,974 square feet. The lot size information was also documented in MLS Real Estate Listing No. 84674, which was prepared by defendants Mount Vernon (the listing firm) and Mary English (Mount Vernon's listing agent). Defendant English and Spring Realty's agent continually represented that the lot size was as described in the listing throughout negotiations between the parties from January 8 until January 12, 1989.

The plaintiffs submitted an offer for the property on January 12, 1989, based on the information provided by defendants Spring Realty and English. After negotiations

as to the purchase price were resolved, the parties entered into a sales contract on January 14, 1989, with the defendant PHH Homequity Corporation listed as the contract seller.

The gravamen of the plaintiffs' Motion for Judgment is that defendants Spring Realty and English, who were agents of the defendant PHH Homequity Corporation, fraudulently misrepresented the size of the parcel by informing the plaintiffs that the lot was 11,974 square feet, while it actually was only 9,143 square feet. The plaintiffs further allege that the defendants induced them to enter into the contract and to purchase the lot through these misrepresentations. In Count I, the plaintiffs seek damages for constructive fraud; in Count II, the plaintiffs pray for damages for the defendants' violation of the Virginia Consumer Protection Act (Va. Code §§ 59.1-196, *et seq.*) based on the defendants' fraudulent misrepresentations as to the size of the lot.

Defendant PHH Homequity Corporation demurred to the Motion for Judgment, claiming that the plaintiff's Motion for Judgment was barred by the doctrine of merger. The doctrine is essentially a specific application of the parol evidence rule to a deed of conveyance and provides that all prior negotiations and agreements, as well as the contract of sale, merge into the deed. *Huffman v. Landes*, 163 Va. 652, 658-659 (1934); *Miller*, 216 Va. at 855; *Miller v. Reynolds*, 216 Va. 852, 854 (1976)(citing G. W. Thompson on Real Property, 1963 Repl. Vol. 8A, § 4458).

It is well-established that the merger and parol evidence doctrines do not preclude the introduction of evidence proving fraud in the execution of a contract or a deed. *Kemp v. Miller*, 166 Va. 661, 676-677 (1936). However, at early common law, a party could not introduce parol evidence to prove fraud in the inducement of a contract or deed in an action at law for damages; rather, his only remedy was an action in equity to rescind the contract. *See Taylor v. King*, 20 Va. (6 Munf.) 358 (1819); *Fraud and Deceit*, 37 Am. Jur. 2d, § 452. This rule was based on the notion that a party affirms the contract in bringing an action at law and therefore parol evidence is not admissible to contradict the terms of the writing. Annotation, "Parol Evidence Rule: Right to Show Fraud in Inducement or Execution of Written Contract," 56 A.L.R. 13, 67-68.

However, Virginia, along with the overwhelming majority of jurisdictions, has overruled by implication the earlier view and allows the introduction of parol evidence to prove fraud in the inducement of a contract or a deed in actions at law. *Robberecht v. Maitland Bros.*, 220 Va. 109 (1979); *Nationwide Ins. Co. v. Patterson*, 229 Va. 627 (1985); *Horner*, 207 Va. at 866 (1967); *Watkins v. West Wytheville Land & Improvement Co.*, 92 Va. 1, 8 (1895); *Jordan v. Walker*, 115 Va. 109, 117 (1913). *See generally Fraud and Deceit*, 37 Am. Jur. 2d, § 452; Annotation, "Parol Evidence Rule: Right to Show Fraud in Inducement or Execution of Written Contract," 56 A.L.R. 13, 67-68. The modern view holds that while a party affirms the contract by bringing an action at law, "that does not constitute a release or waiver of the right to seeks damages" for the tort of fraudulently inducing another to enter a contract. *Horner v. Ahern*, 207 Va. 860, 867 (1967).

The Court finds that the plaintiffs' Motion for Judgment is not barred by the doctrine of merger and defendant PHH Homequity Corporation's Demurrer is accordingly overruled.