# Wytheville.

## ORR V. PENNINGTON, ADMR.

### JUNE 25, 1896.

Absent, Harrison, J.

1. APPELLATE PROCEEDINGS—*Petition for appeal—Essentials of—Motion to dismiss appeal—Lapse of time.*—A petition for an appeal is in the nature of a pleading, and should state clearly and distinctly all the errors relied on for a reversal of the decree. Otherwise the appeal, if granted, should be dismissed. But a motion to dismiss for this cause will not be granted after the lapse of more than three years when the right of appeal has become barred by limitation.

2. UNDUE INFLUENCE—*Laches in Asserting.*—A bill to set aside a deed on the ground of undue influence excerised over the grantor will not be entertained after long and unexplained delay, the death of the grantor and of the grantee in the deed, and gross laches on the part of the complainant.

3. UNDUE INFLUENCE—*What constitutes—Conveyance from parent to child in consideration of support.*—The influence which will vitiate an act must amount to force and coercion destroying free agency, and not be merely the influence of affection. The act must be obtained by this coercion, and it must appear that it was done merely for the sake of peace, so that the motive was tantamount to force or fear. A court of equity will not avoid a conveyance from a parent to a child made in consideration of the support of the parent by the child when it appears that the parent, though weak and in failing health, is not of unsound mind, and, being aware of the consequence of his act and that it cannot be recalled, deliberately makes the conveyance.

Appeal from a decree of the Circuit Court of Lee county, pronounced March 16, 1893, in a suit in chancery, wherein the appellant was the complainant, and the appellees were the defendants.

*Affirmed.*

This was a suit in chancery instituted by William A. Orr
against the administrator and heirs of his brother, R. S.
Orr, for the purpose of having declared null and void a deed
made April 7, 1883, by David M. Orr, the father of William
A. Orr and R. S. Orr, to the said R. S. Orr in his lifetime.
The deed bears date April 7, 1883. David M. Orr died May
7, 1883. R. S. Orr died August 14, 1888, and this suit was
instituted May 2, 1892. The complainant charged that
the grantor was mentally incapacitated to make the deed, or,
if not, was mentally and physically weak, and that the gran-
tee exercised undue influence over him. The facts suffi-
ciently appear in the opinion of the court.

*Bullit & McDowell*, for the appellant.

*Pridemore & Sewell, Duncan & Mathews* and *Blair & Blair*,
for the appellees.

BUCHANAN, J., delivered the opinion of the court.

Upon the calling of this cause the appellees moved the
court to dismiss it because the petition praying for the ap-
peal contained no sufficient assignment of error.

The only assignment of error in the petition for the
appeal is as follows: "Your petitioner avers that there was
manifest error in dismissing said bill, and rendering said
judgment for costs against your petitioner; and he therefore
prays an appeal from the said decree and that a supersedeas
be awarded."

This is not such an assignment of error, we think, as is
required by sec. 3464 of the Code. The petition required is
in the nature of a pleading, and should state the case which
the party applying for the appeal wishes to make in the
appellate court. It ought to assign clearly and distinctly
all the errors relied on for a reversal of the case, so that the

opposite party may know what questions are to be raised in the appellate court, and not have new qestions sprung upon him at or just before the hearing of the cause, when there may not be sufficient time or opportunity for meeting them. It is not necessary nor proper that the assignments of error should be argued at great length, and long quotations made from text books and decisions, in the petition, as is sometimes done. This is the province of the brief, or note of argument.

The petition for an appeal in this case ought not to have been considered until the statute had been complied with, but the judge to whom the petition and transcript of the record were presented, having considered it and granted an appeal, we do not think that the motion to dismiss, made more than three years after the appeal was granted, and after the statute has barred the right of appeal, if a new petition has to be filed, should be sustained. The motion to dismiss must be overruled.

The object of this suit was to set aside a conveyance made by a father to his son, upon the ground that the father was mentally incapacitated from disposing of his property when the deed was made; or, if not of unsound mind, that being weak in body and mind from disease, he was unduly influenced by his son to make the conveyance.

The conveyance was made in April, 1883, and the grantor died in May following. The grantee took possession of the property under the deed, held and occupied it until his death, in August, 1888. In May, 1892, this suit was instituted—nine years after the conveyance was made and the right of appellant accrued. No reason is assigned in the bill why the suit was not instituted earlier. In the proof and in the argument, the claim is made that whilst the appellant believed before his father's death that the grantee had unduly influenced him to make the deed, he was unable, until recently before the suit was brought, to get the neces-

sary evidence to show this. The record does not show that the appellant made any effort or exercised any diligence to ascertain whether the deed was executed under circumstances which rendered it voidable. There is no evidence that the grantee concealed or endeavored to conceal anything connected with the transaction. The witnesses who were examined in the case by the appellant were the justices who took the acknowledgment of the deed, persons who worked on or about the premises, a physician who had visited the father during his last sickness, and who lived near by, some of the neighbors, the widow of the grantor, one of his sons-in-law, and the appellant. Most of them were the very persons to whom any one would have gone who wished to ascertain the mental or physical condition of the grantor when, and the circumstances under which, the deed was executed. There is no suggestion that these persons declined to state what they knew, or that any effort was made to ascertain what they knew until years afterwards.

The appellant failed to exercise that reasonable diligence in the assertion of his rights which is necessary to call into activity the powers of a court of equity. Equity always refuses to interfere where there has been gross *laches* in the prosecution of rights. There is, it is said, no artificial rule upon the subject, but each case must be governed by its own circumstances. 2 Story's Eq. Jur. sec. 1520; 2 Pom. Eq. Jur., sec. 965; *Badger* v. *Badger*, 2 Wall 87; *McQuiddy* v. *Wade*, 20 Wall. 14.

The lapse of time, the failure to give any reason whatever in the bill, or any sufficient reason in the proof, why the suit was not instituted earlier, and not until years after the death of the grantee, were sufficient to justify the court in dismissing the bill, without considering the case upon its merits.

Upon the merits of the case it is admitted in argument that the charge in the bill, that the grantor at the time of the execution of the deed was mentally incompetent to make

a valid disposition of his property, is not sustained by the proof. The other ground relied on for setting aside the deed is that the grantor procured its execution by the exercise of undue influence over the grantor when his mind was weakened by the infirmities of age and disease.

The grantor and his wife owned jointly a tract of land containing about 250 acres. The grantor owned beside a small amount of personal property. He had four children, all of whom had married and left their father's home except the youngest, the grantee in the deed, who remained with his father. About one month before his death, the father sent for an attorney, who, under his direction, prepared the deed by which he conveyed to his son substantially all of his property. The consideration expressed in it was love and affection, the support and maintenance of the father and mother during life in such a manner as was suitable to their wants, necessities, and conditions in life, the payment of $100, which the father owed, and the payment of $150.00 to each of his brothers and sisters two years after the death of his father and mother. The deed also provided that the grantee should not sell the land, nor should it be sold for any debt contracted by him during the lifetime of the father and mother, or either of them, without their consent.

The rule seems to be well settled that a court of equity will not avoid a conveyance when made by one, who though weak and in failing health, is not of unsound mind, where he deliberately disposes of his property to a child in consideration of the latter's undertaking to provide for his support, if it appears that he was aware of the consequences of his act, and that it could not be recalled. The fact that the act was done by reason of the influence resulting from affection and attachment, or the mere desire to gratify the wishes of another, if the free agency of the party is not impaired, does not affect the validity of the act. *Greer* v. *Greers,* 9 Gratt.

230; *Howe* v. *Howe*, 99 Mass. 88; notes to *Huguenin* v. *Base-ley*, 2 White & T. Leading Cases, pt. 2d, 1211, &c.

The influence that will vitiate an act, as is said by Williams on Ex'ors, and Jarmin on Wills, and quoted with approval by Judge Moncure in *Parremore* v. *Taylor*, 11 Gratt. at page 239, " must amount to force and coercion destroying: free agency; it must not be the influence of affection and attachment. It must not be the mere desire of gratifying: the wishes of another, for that would be a very strong ground: in favor of the testamentary act. Further, there must be proof that the act was obtained by this coercion, by importunity which could not be resisted; that it was done merely for the sake of peace; so that the motive was tantamount to force and fear." ·

Cases of this kind plainly turn upon the exercise of actual undue influence of the child over the parent, and not upon any presumption of invalidity. 2. Pom. Eq. Jur., sec. 962.

It will serve no good purpose to go into any analysis or discussion of the evidence in this case. It would, as was said by this court in *Greer* v. *Greers*, 9 Gratt. at page 333, be an useless consumption of time, as almost every case of this kind must depend on the particular circumstances attending it. The facts of one case seldom serve to illustrate or elucidate another.

Considering all the evidence in this cause, including that of appellant to which objection was made, and overruled in the Circuit Court, we cannot say that the deed in question was executed by the grantor by reason of undue influence exercised over him by the grantee.

It becomes unnecessary, in the view we have taken of the case, to decide the questions raised in the record and discussed by counsel as to the competency of certain witnesses and the admissibility of certain evidence.

We are of opinion that the Circuit Court properly dismissed the bill, and its decree must be affirmed.

*Affirmed.*