## Staunton.

HAWPE AND OTHERS v. BUMGARDNER AND OTHERS.

September 29, 1904.

1. EQUITY—*Demurrer to Bill Sustained—Refusal to Dismiss.*—Although the language of a decree states that a demurrer to a bill is sustained, and nothing is said about amendment, this court will not hold such language to operate a dismissal of the bill, where it appears that it was not so intended by the trial court, which refused to dismiss the bill, and, in accordance with defendant's request, directed it to be consolidated with a prior suit brought by another person against the same defendant to accomplish the same result.

2. EQUITY—*Bill—General Relief—Demurrer—Subrogation.*—Failure to ask specifically for subrogation is not ground for a demurrer to a bill filed by a surety against his principal to subject the lands of the principal to the lien of a judgment which he has paid as surety, where the bill alleges a state of facts which shows that the complainant is entitled to subrogation, and contains a prayer for general relief.

3. EQUITY—*Consolidation of Causes—Suit on Judgment for Less Than $20—Notice.*—Where two creditors' suits are consolidated, it is immaterial that one of them was founded on a judgment for less than twenty dollars, and that the statutory notice of intention to bring the suit was not given, where the other suit was not amenable to that objection.

4. DOWER—*Cutting Timber for Market—Waste.*—In the absence of any evidence that land has ever been used for other than agricultural purposes, or that the owner ever leased or used it as timber land, or derived revenue from the sale of timber thereon, his widow, upon his death, will not be permitted to cut and market timber on the portion assigned to her as dower. She is only entitled to the use of the growing timber so far as necessary for fire wood, and to keep and maintain the buildings and fences on the land in repair.

5. HOMESTEAD—*Judgments—Equity—Sale.*—Where some of the judgments against a defendant are paramount to a claim of homestead asserted by his heirs, and others not, it is not error to decree a sale of the land, without prejudice to the rights of the heirs as inheritors of the land encumbered by judgments against their ancestor. The creditors whose judgments were paramount to the homestead were entitled to a sale of the land for the satisfaction of their judgments. The right of the heirs to a homestead, if entitled thereto, is in the surplus of the fund arising from a sale of the lands which remain after the satisfaction of the liens paramount to the homestead.

6. APPEAL AND ERROR—*Petition for Appeal—Assignment of Errors.*—The petition for an appeal required by section 3464 of the Code is in the nature of a pleading, and should state the case which the appellant wishes to make in the appellate court. It must assign all the errors relied on for a reversal of the case. Errors assigned for the first time in a reply brief of appellant will not be considered.

Appeal from decrees of the Circuit Court of Augusta county, in a suit in chancery, wherein the appellees were the complainants, and the appellants were the defendants, which suit was consolidated with another suit by a different complainant against the same defendants, to accomplish the same results.

*Affirmed.*

The opinion states the case.

*Curry & Glenn,* for the appellants.

*J., J. L., & R. Bumgardner* and *J. A. Alexander,* for the appellees.

HARRISON, J., delivered the opinion of the court.

The suit of *Bumgardner* v. *Hawpe* was instituted in October, 1895, to enforce the lien of a judgment, and in November of that year a decree was entered on the bill taken for confessed, directing a general convention of the lien creditors of the de-

fendant. Two years later the suit of McKee against the same defendant was instituted for a like purpose, and a similar decree was entered in that case, directing a convention of the lien creditors. Neither of these references had been executed in May, 1900, when the defendant, Adam H. Hawpe, appeared by counsel, and filed his demurrer and petition in the case of *McKee* v. *Hawpe*. In this petition he recites the pendency of the prior creditors' suit of *Bumgardner* v. *Hawpe*, complains of the injustice of being burdened with two suits, and prays that the McKee suit be dismissed, or consolidated with the Bumgardner suit. In accordance with the prayer of this petition, a decree was entered consolidating the two causes, directing the commissioner to proceed to execute the references theretofore ordered in them, and requiring the plaintiff in the McKee case to pay the costs of that suit.

For convenience, it may be as well at this point to dispose of the contention of the appellants with respect to this decree.

They insist that the decree, on its face, sustains the demurrer without providing for an amendment, and that this action was the end of the case of *McKee* v. *Hawpe*.

It is true there is a statement in the decree that the demurrer be sustained, but the decree further shows on its face that this was not intended, and not in fact what the court did. The language sustaining the demurrer was followed by the action of the court declining to dismiss the bill, and consolidating the causes as requested by the defendant Hawpe. It further appears from the record that the decree in question was practically a consent decree, intended to dispose of all technicalities, so that the causes should be heard and proceed thenceforth on the merits. The action taken by the court in declining to dismiss the bill and in consolidating the causes was in the interest and at the request of the defendant Hawpe, and the inapt or unconsidered expression in question, cannot be made the basis for a reversal of such action.

In November, 1900, the commissioner returned his report of the real estate of the defendant, and the liens binding it. In December, 1900, a decree was entered in the consolidated causes, confirming this report, after overruling certain exceptions thereto, and appointing commissioners to sell the real estate mentioned therein.

In less than a month after this decree of sale, the defendant, Adam H. Hawpe, died, and at the following May term, 1901, of the court, his death was suggested, and *scire facias* directed to issue against his personal representative, widow and heirs at law. At the following term of the court, in November, 1901, the cause having been revived, a decree was entered appointing five commissioners to go upon the land and assign to the widow of the defendant, Hawpe, one-third in quantity and value of the lands whereof her husband died seised and possessed, as her dower. No exception was taken by the widow to the action of this commission, and in December, 1901, a decree was entered confirming their allotment of dower, and directing the commissioners of sale to proceed to sell the land subject to the widow's dower.

In May, 1902, the widow and minor heirs filed a demurrer and answer to the bill in the case of *Bumgardner* v. *Hawpe*. The ground of demurrer was that the bill showed on its face that the judgment sought to be enforced was for less than $20.00, and did not allege that notice of the suit had been given the defendant sixty days before it was instituted, as required by statute, and that therefore the court was without jurisdiction to entertain the suit. The answer claims, on behalf of the widow, that she is entitled, not only to dower in kind, but asks that she be allowed to cut and use for her own benefit, as she may desire, a portion of the timber for which the land is alleged to be chiefly valuable. On behalf of the heirs, the answer claims that they are entitled to the homestead exemp-

tion in the lands of their father, and asks that it may be set apart for them, and that they may be allowed to use a portion of the timber, or that their entire homestead may be set apart in the timber on the lands.

This demurrer of the widow and heirs was overruled, and their answer stricken from the cause, without prejudice to the dower rights of the widow as assigned, and without prejudice to the rights of the heirs as inheritors of the land encumbered by judgments against their father. The widow and heirs then filed a petition to rehear the decree overruling their demurrer and dismissing their answer, in which they set up practically the same matters set up by their answer and demurrer. This petition was also dismissed. From the decree overruling the demurrer and dismissing the answer, and that subsequently entered, dismissing the petition to rehear, this appeal was taken.

The first ground of error assigned is the action of the court in overruling the demurrer filed by the appellants to the bill in the suit of *Bumgardner* v. *Hawpe.* The grounds urged in support of this assignment are, (1) that the plaintiff, who seeks to enforce a judgment paid by him as surety, does not ask to be subrogated to the rights of the judgment creditor, and (2) that the judgment sought to be enforced was for a sum less than $20.00, and the bill does not allege that sixty days' notice of the purpose to bring suit was given the defendant, as required by section 3572 of the Code; it being contended that the failure to allege that this notice had been given left the court without jurisdiction to entertain the bill.

As to the first contention, it is sufficient to say that the bill alleges a state of facts that entitles the plaintiff to be subrogated in equity, under the prayer for general relief, to the rights of the judgment creditor; and where this is the case, the failure to ask specifically for such relief is not ground for dismissing the bill upon demurrer.

As to the second contention, it is not necessary to decide, in this case, whether the failure to allege that notice of the suit had been given left the court without jurisdiction in the suit of *Bumgardner* v. *Hawpe*, for the reason that, if the contention of appellants was sustained, the result would be the same, as the suit of *McKee* v. *Hawpe*, a general creditors' suit, was pending, which was ample to sustain all subsequent proceedings in the case.

The second assignment of error is that the court refused to grant the prayer of the widow's petition, that as doweress she be allowed an interest in the timber on the land, and be permitted to cut and use the same as she might desire.

The real estate left by Adam Hawpe consisted of a tract of land containing 723 acres and 26 poles. The commissioners assigned to the widow 220 acres, 3 roods and 30 poles, including the improvements, which they say was a fair and equitable quantity to assign from the whole as dower. This report was not excepted to by the widow, was confirmed, a plat and survey showing her rights duly recorded, and the widow placed in possession. The contention is that the land is chiefly valuable for its timber, and that the widow should be allowed, in addition to the dower assigned and accepted by her, the right to cut and market a part of the timber. There is no evidence that the land has ever been used for other than agricultural purposes, or that the owner had ever leased or used it as timber land, or derived revenue from the sale of timber thereon.

Under these circumstances, the widow is entitled to the use of the timber growing upon her dower land, so far as necessary for her firewood, and to keep and maintain the buildings and fences on the land in repair; but being a tenant for life, and subject to impeachment for waste, she is not entitled to cut and sell merchantable timber growing upon such lands. That would put it in her power to damage those entitled to the in-

heritance, and even destroy their reversionary rights, which she is not permitted to do.

The third assignment of error is to the action of the court in dismissing the answer of the infant heirs and their petition for a rehearing, without allowing the claim set up by them to a homestead exemption in the land.

The report of the commissioner shows the aggregate of judgment liens to be, as of November 21, 1900, $839.90. It appears affirmatively that of this sum $611.55 is paramount to the homestead. The record is silent as to whether or not the homestead is waived as to the remaining $228.35. This being the case, and conceding the residue of the liens to be inferior to the homestead, the proper action, after assigning dower, was that taken by the court, to sell the land, subject to the dower rights of the widow and without prejudice to the rights of the heirs as inheritors of the land encumbered by judgments against their father. The lienors whose claims were paramount to the homestead were entitled to a sale of the property for the satisfaction of their debts. The right of the heirs to a homestead, if entitled thereto, was in the fund arising from the sale, remaining after the liens paramount to the homestead had been satisfied. Their right to a homestead can, therefore, only be determined when the case is ready for a distribution of the proceeds of sale.

The fourth and last assignment of error made in the petition is to the action of the court in holding that the McKee judgment was a valid and subsisting lien. The commissioner reported this judgment as a valid lien, and Adam Hawpe, in his lifetime, excepted to the finding of the commissioner upon other grounds, but it nowhere appears that he ever claimed that it had been paid. His exception to the report auditing the lien was overruled, and the report was confirmed. The suggestion of appellants that the McKee judgment is not a valid and sub-

sisting lien is not sustained by the record, and there was no error in the action of the lower court with respect thereto.

The appellants in their brief, in reply to the appellees' brief, assign other errors which have in the main been considered in what has been already said.

In the case of *Orr* v. *Pennington,* 93 Va. 268, 24 S. E. 928, this court has held that the petition for appeal required by section 3464 of the Code is in the nature of a pleading, and should state the case which the party applying for the appeal wishes to make in the appellate court; that it must assign all the errors relied on for a reversal of the case, so that the opposite party may know what questions are to be raised in the appellate court, and not have new questions sprung at or just before the hearing of the cause, when there may not be sufficient time or opportunity for meeting them. The errors assigned in the reply brief are not material. Under the rule mentioned, however, they cannot be considered.

We find no errors in the decrees appealed from to the prejudice of appellants, and they must be affirmed.

*Affirmed.*