## Richmond.

Newport News and Old Point Railway and Electric Company v. Bickford.

March 8, 1906.

Absent, Keith, P.

1. Res Judicata—*Another Suit—Case at Bar.*—The subject matter of this action is not *res judicata*, as one of the suits relied upon as settling the controversy was terminated before the acts complained of were committed by the plaintiff, and the other was dismissed upon the ground that the matters involved were under the control and direction of the Circuit Court of the United States in another suit pending therein. Neither of these suits determined the rights involved in the present controversy.

2. Pleading—*Grounds of Defense—When not Required.*—It is not error to refuse to require a defendant to file a statement of the particulars of his defense under sec. 3249 of the Code, when the special pleas filed give with detailed particularity every ground of defense relied on.

3. Recoupment—*What Defenses Allowed Under Code, Sec. 3299.*—Section 3299 of the Code contemplates the settlement of all differences that are connected with the subject matter of the plaintiff's claim. The fact that the defendant's claim is in tort or for unliquidated damages is immaterial. If it is based upon matters directly connected with, and injuries growing out of, the contract sued on by the plaintiff, it can be asserted as a set-off under sec. 3299. The object of the section is to prevent one cause of action from being divided into two, and to give precisely the same relief on a plea filed thereunder as could be obtained in an independent action brought for the same cause.

4. Action—*Motions—Statutory Recoupment.*—The proceeding by notice of a motion for a judgment for money is an action, and the defendant may file a plea under sec. 3299 of the Code to such notice.

5. ARREST OF JUDGMENT—*Motion by Party not Prejudiced.*—The fact that a verdict for a defendant is for less than its face shows he is entitled to is no ground for a motion in arrest of judgment by the plaintiff, as he is not prejudiced thereby.

6. APPEAL AND ERROR—*Errors Assigned in Reply Brief.*—This court will not notice errors assigned for the first time in a reply brief of the plaintiff in error.

Error to a judgment of the Circuit Court of Elizabeth City county in a proceeding by motion for a judgment for money. Judgment for the defendant. Plaintiff assigns error.

*Affirmed.*

The opinion states the case.

*S. Gordon Cumming,* for the plaintiff in error.

*B. A. Lewis, S. J. Dudley* and *Ashby & Read,* for the defendant in error.

HARRISON, J., delivered the opinion of the court.

The foundation of this motion for judgment is an open account which grows out of a lease contract between the plaintiff as lessor and the defendant as lessee, dated March 21, 1903, supplemented by additional terms, dated April 16, 1904.

In addition to the general issue the defendant pleaded an eviction from the leased premises, and also filed three special pleas. These pleas aver that the plaintiff's motion is based upon a written lease for certain hotel premises known as "Buckroe Beach," situated about three miles from the town of Hampton, Va.; that under the terms of the lease the defendant was to have absolute control of the premises as a summer resort, and to be free from any molestation or interference by the plaintiff;

that although the defendant had fully performed the contract
of lease on his part, yet the plaintiff had wholly disregarded
and broken the same. The pleas then set forth in detail the
most flagrant acts by the plaintiff of trespass upon the leased
premises and violation of the defendant's rights, whereby his
business was broken up and destroyed. The damage thus sus-
tained is pleaded as offset to the plaintiff's demand.

The result of the trial was a verdict and judgment in favor
of the defendant for $429.38.

Considering the assignments of error in the order set forth
by the plaintiff in its petition to this court, we are of opinion
that the contention that the defendant's claim for damages was
*res adjudicata,* is not well founded.

It is insisted that this claim for damages had been settled in
two chancery suits theretofore terminated in the Circuit Court
of Elizabeth City county. The same judge who sat in the
causes mentioned conducted the trial of the case at bar, and
held, we think properly, that the matters set up in these pleas
were not settled or intended to be concluded by the decrees in
the chancery causes vouched by the plaintiff. One of these
causes was a suit for specific performance, which compelled the
plaintiff to renew this lease with the defendant for the year
1904. It was terminated before the acts complained of were
committed by plaintiff, and therefore could not have adjudi-
cated the present controversy. The other cause was a bill filed
by the defendant, asking that the plaintiff be enjoined from
placing guards at the gates to the fence around the leased prop-
erty and from interfering with the defendant's management
thereof. A temporary injunction was granted, which was
subsequently dissolved in vacation, upon the ground that the
matters involved were then under the control and direction of
the Circuit Court of the United States for the Eastern District

of Virginia. It is clear that these chancery causes did not conclude the rights of the defendant with respect to the matters involved in this controversy.

We are further of opinion that there was no error in the refusal of the Circuit Court to require the defendant to file a statement giving the particulars of his defense.

The object of section 3249 of the Code was to provide that the plaintiff in any action or motion should have notice of the defense to be relied on. The pleas filed by the defendant in this case gave, with detailed particularity, every ground of defense relied on, and no matter of defense was brought forward at the trial that was not fully described in the pleas. Under these circumstances, to have required a statement to be filed in addition would have been an idle ceremony.

We are further of opinion that there was no error in the refusal of the Circuit Court to strike out the special pleas filed by the defendant.

These pleas are objected to upon the ground that if their averments were true they constituted torts committed by the plaintiff, independent of the contract sued on; and because it was improper to permit a claim for unliquidated damages to be set off against a liquidated debt.

It is not permissible to settle in one action all differences that may exist between litigants. Section 3299 of the Code, however, contemplates the settlement of all differences that are connected with the subject matter of the plaintiff's claim. It is immaterial whether the defendant's claim is in tort or for unliquidated damages; if it be based upon matters directly connected with, and injuries growing out of, the contract sued on by the plaintiff, it can be asserted as an offset under section 3299.

In the case of *Kinzie* v. *Reily,* 100 Va. 709, 42 S. E. 872, it is held that a grantee of real estate, when sued at law by his grantor for the purchase price, may, under Code, section 3299, file a special plea claiming damages for a breach of warranty or covenant for title by his grantor unless the defense would require the contract to be rescinded and the grantor to be reinvested with the title conveyed, citing *Watkins* v. *West Wytheville Land Co.,* 92 Va. 1-9, 22 S. E. 554; *Mangus* v. *McClelland,* 93 Va. 786, 789, 22 S. E. 364, and other cases.

In the case of *Am. Mang. Co.* v. *Va. Mang. Co.,* 91 Va. 272, 21 S. E. 466, this court said, citing *Huff* v. *Broyles,* 26 Gratt. 283, that the plain purpose of the Legislature in enacting section 3299 of the Code was "to give precisely the same measure of relief on a plea filed under the same as could be obtained in an independent action brought for the same cause, and to prevent one cause of action from being divided into two." It is further said that "the term *'or for any other matter,'* was added, so that such purpose could be fully accomplished by allowing, not only the defenses particularly and specifically named in the preceding part of the section, but to allow all defenses of that character or kind based upon such contract or for injuries growing out of it, to be disposed of in one case." In this case a special plea under section 3299 was held to be objectionable because it was based upon the breach of a contract other than the contract sued on by the plaintiff.

Exactly the reverse is true in the case at bar. Every item of the plaintiff's account sued on arises under and grows out of the contract of lease mentioned, and each of the defendant's pleas is a claim for damages for breach by the plaintiff of the lease contract and for the inexcusable, if not wanton, violation by the plaintiff of the defendant's rights thereunder. These are matters directly connected with and injuries growing out of the

contract, which is the basis of the plaintiff's action, and the defendant has the right to assert such a claim as an offset under section 3299.

There is no merit in the contention that these pleas of offset cannot be filed in a proceeding by motion under the statute, because such a proceeding is not an action at law. This court has held that a motion for a judgment for money, under the statute, is an action at law. *Reed & McCormick* v. *Gold,* 102 Va. 37, 40, 45 S. E. 868.

We are further of opinion that there was no error in the action of the Circuit Court in overruling the plaintiff's motion in arrest of judgment, because of error on the face of the verdict.

The foundation of this motion was that the verdict was for $14.50 less than its face showed the defendant entitled to. This error to the prejudice of the defendant is no ground of complaint on the part of the plaintiff.

In a brief filed on behalf of the plaintiff in error after the brief of the defendant in error was filed, a number of other errors are suggested, which, if tenable, could not be considered under the repeated ruling of this court. *Orr* v. *Pennington,* 93 Va. 268, 24 S. E. 928; *N. & W. R. Co.* v. *Perrow,* 101 Va. 345, 43 S. E. 614; *Hawpe* v. *Bumgardner,* 103 Va. 91, 48 S. E. 554.

For these reasons the judgment complained of must be affirmed.

*Affirmed.*