VIRGINIA RAILWAY AND POWER COMPANY V. SAMUEL MEYER.

March 11, 1915.

Absent, Cardwell, J.

1. STREET RAILWAYS—*Travelers on Street—Rights in Street—Crossing in View of Car.*—The operator of a street car has no right to assume that no person will attempt to cross the tracks in view of a car. The public ride and drive in conveyances of innumerable kinds across the streets of populous cities many times daily in plain view of the cars operated upon such streets, and not to allow them to do so would stop traffic and travel over the same. The traveling public have the same right to use, travel upon and across the public streets that street car companies have.

2. STREET RAILWAYS—*Vehicle Crossing Track—Car in View—Negligence.*—Between crossings as well as at crossings vehicles may cross street car tracks in full view of approaching cars, if it is consistent with ordinary prudence to do so. It is not negligence, as a matter of law, for one to attempt to drive across a street car track when he sees a car coming. Whether or not it is negligence to do so is a question for the jury under all the facts and circumstances of the case.

3. STREET RAILWAYS—*Rights of Company and Public—Instructions.* An instruction which tells the jury that the motorman of a street car has no right to assume that persons will not attempt to cross the track in view of his car is not in conflict with another which tells them that he has the right to assume that all persons seeking to drive across or upon street car tracks will exercise reasonable prudence in doing so. The two simply state the correlative duties of the traveling public and the street car company.

4. STREET RAILWAYS — *Negligence — Last Clear Chance — Instructions.*—An instruction which tells 'the jury that if the motorman did not use ordinary care to check his car when he saw the plaintiff, or in the exercise of ordinary care ought to have seen him, about to cross the track in dangerous proximity to his car, and by such failure to exercise ordinary care in attempting to check the car the plaintiff was injured, the jury

52

must find for the plaintiff, correctly states the doctrine of the "last clear chance." Whether or not the motorman failed to exercise ordinary care and thereby injured the plaintiff is left entirely to the jury by the instruction.

5. STREET RAILWAYS—*Negligence—"Ordinary Care"—Use of Term.* The term "ordinary care" used in the instruction mentioned in the preceding paragraph sufficiently defines the care required of the motorman, without the qualifying phrase "such as an ordinary prudent person, acting prudently under the circumstances, would have exercised." Moreover, the defendant who is now criticising the term, must also have regarded it as sufficient, as it used the same phrase, in the same sense, without the qualifying words, in three separate instructions given at its request in this case.

6. APPEAL AND ERROR—*Assignment of Error in Reply Brief.*—Assignments of error made for the first time in a reply brief will not be considered by this court. A statement in a petition for a writ of error that there are other errors to be assigned at the bar does not reserve to the petitioner the right to assign such errors in a reply brief.

7. APPEAL AND ERROR—*Verdicts—When Not Set Aside.*—The verdict of a jury will not be set aside where the case was fairly submitted to the jury and there was ample evidence to sustain and justify the verdict.

Error to a judgment of the Hustings Court, Part II, of the city of Richmond, in an action of trespass on the case. Judgment for the plaintiff. Defendant assigns error.

*Affirmed.*

The opinion states the case.

*Henry W. Anderson, A. B. Guigon* and *T. Justin Moore,* for the plaintiff in error.

*O'Flaherty, Fulton & Byrd,* for the defendant in error.

HARRISON, J., delivered the opinion of the court.

This action was brought by Samuel Meyer to recover of the defendant street car company damages for the practi-

cal destruction of his automobile in a collision on Broad street, in the city of Richmond, alleged to have been caused by the negligence of the defendant company.   The trial resulted in a verdict and judgment in favor of the plaintiff for $500, which this writ of error brings under review.

The first assignment of error is to the action of the trial court in giving, for the plaintiff, instruction No. 12, as follows: "The jury is instructed that the operator of a street car has no right to assume that no person will attempt to cross the tracks in view of a car, and he must use ordinary care to attempt to check its speed as soon as he sees, or ought to have seen, that a person is about to cross in dangerous proximity to his car, and if they believe from the evidence in this case that the motorman of the defendant company did not use ordinary care in attempting to check his car at a time when he saw the plaintiff, or ought, in the exercise of ordinary care, to have seen him about to cross the track in dangerous proximity to his car, and by such failure to exercise ordinary care in attempting to check the car the plaintiff was injured, the jury will find for the plaintiff."

There is no merit in the contention that the first lines of this instruction is an incorrect statement of the law. That the operator of a street car has no right to assume that no person will attempt to cross the tracks in view of a car is a proposition too plain to admit of dispute.   The public ride and drive in conveyances of innumerable kinds across the streets of our populous cities many times daily in plain view of the cars operated on such streets, and not to allow them to do so would be to stop traffic and travel over the same.   This court has repeatedly held that the traveling public have the same right to use, travel upon and across the public streets that street car companies have.

In *Richmond Traction Co.* v. *Clarke*, 101 Va. 382, 43 S. E. 618, it is held, that the rights of street cars on a city street, no matter by what power propelled, are not superior to those of any other vehicle, but simply equal.    Between crossings as well as at crossings vehicles may cross street car tracks in full view of approaching cars, if it is consistent with ordinary prudence to do so.    It is not negligence as a matter of law for one to attempt to drive across a street car track when he sees a car coming.    Whether or not it is negligence for one to drive across a street car track when he sees a car coming is a question for the jury under all the facts and circumstances of the case.    If the operator of a street car were permitted to run the same upon the assumption that the public would not attempt to cross the track in view of his car, there would be no safety for the public in crossing the streets at all.

This instruction is further criticized as being in conflict with instructions 3 and 7, given for the defendant company.    This objection is not well taken.    Instruction No. 12 properly tells the jury that the operator of a street car cannot assume that persons will not attempt to cross the track in view of his car; whereas instructions 3 and 7, with equal propriety, told the jury that the motorman had a right to assume that all persons seeking to drive across or upon street car tracks would exercise reasonable prudence in doing so.    Instruction No. 12, given for the plaintiff, dealt with the rights and duties of a motorman to the public in attempting to cross the streets, while instructions 3 and 7, given for the defendant, dealt with the duties of the traveling public in crossing such streets.    There is no conflict in these instructions; they state the law correctly, and the jury could not have been misled by them.

We are further of opinion that instruction No. 12 does not, as suggested, incorrectly state the doctrine of the last clear chance.    On the contrary, the jury are expressly told

that if the motorman did not use ordinary care to check his car when he saw the plaintiff, or in the exercise of ordinary care ought to have seen him, about to cross the track in dangerous proximity to his car, and by such failure to exercise ordinary care in attempting to check the car the plaintiff was injured, the jury will find for the plaintiff. Whether or not the motorman failed to exercise ordinary care and thereby injured the plaintiff was left entirely to the jury. *Norfolk & P. Traction Co.* v. *Forrest's Admx.,* 109 Va. 658, 64 S. E. 1034.

It is contended that the degree of care imposed upon the motorman by the instruction was stated to be "ordinary care," without the qualification "such as an ordinary prudent person acting prudently under the circumstances would have exercised." We have been cited to no case and are not aware of one which holds that it is error to use the phrase "exercise of ordinary care" without the suggested qualifying words. On the contrary, the phrase "exercise of ordinary care" has been used without the qualifying words mentioned in innumerable similar instructions held by this and other courts not to be erroneous.

In the case of *Norfolk & P. Traction Co.* v. *Forrest, supra,* the phrase "exercise of ordinary care" is used in a similar instruction to No. 12, without any qualifying words, and this court in commenting upon that instruction said: "This is a correct statement of the doctrine of the last clear chance, and there was ample evidence to justify such an instruction."

Further, the record shows that the defendant company has used the same phrase, "exercise of ordinary care," in the same sense and without any qualifying words in three separate instructions given at its request in this case. It is to be presumed that the defendant, when it secured these instructions, was dealing in the best of faith with the court, and therefore thought that this phrase, used three times by

them, would be understood by the jury, and that it was not error to use it without the addition now suggested for the first time by it.

The point is made in argument that instruction No. 12 is erroneous in that it concludes with a direction to find for the plaintiff without adding the following qualification, "unless the jury shall further believe from the evidence that the plaintiff was guilty of contributory negligence."

This assignment of error cannot be considered. It was not made in the petition for a writ of error, but appears for the first time in the reply brief of the defendant company. *Orr* v. *Pennington*, 93 Va. 268, 24 S. E. 928; *Norfolk & Western Ry. Co.* v. *Perrow*, 101 Va. 345, 43 S. E. 614;. *Hawpe* v. *Bumgardner*, 103 Va. 91, 48 S. E. 554; *American Locomotive Co.* v. *Huffman*, 105 Va. 343, 54 S. E. 25, 6 L. R. A. (N. S.) 252, 8 Ann Cas. 773. In the last named case the court said:

"But in the reply brief filed by counsel for plaintiffs in error a number of assignments of error are made and argued.

"Counsel for defendant in error makes the point that the assignments made in the reply brief should not be considered by the court, and in this view we concur.

"Section 3464 of the Code provides that 'a petition for an appeal, writ of error or supersedeas shall assign errors'; * * * and in the opinion by Buchanan, J., in *Orr* v. *Pennington*, 93 Va. 268, 24 S. E. 928, it is said: 'The petition required is in the nature of a pleading and should state the case which the party applying for the appeal wishes to make in the appellate court. It ought to assign clearly and distinctly all the errors relied on for a reversal of the case, so that the opposite party may know what questions are to be raised in the appellate court, and not have new questions sprung upon him at or just before the hearing

of the cause, when there may not be sufficient time or opportunity for meeting them.'

"The mere intimation or even declaration in a petition for an appeal or writ of error that there are other objections to the rulings of the trial court does not reserve to the petitioner the right to assign errors in the brief filed in his behalf in reply to the brief filed for the opposing party."

The only remaining assignment of error is to the action of the court in refusing to set aside the verdict as contrary to the law and the evidence. It is sufficient, in response to this assignment, to say that the case was fairly submitted to the jury, and that there was ample evidence to sustain and justify their verdict.

Upon the whole case we find no error to the prejudice of the defendant company in the judgment complained of, and it is affirmed.

*Affirmed.*