# Staunton

STAFFORD S. SUTHERLAND AND FAUSIE MUSICK V.
R. C. RASNAKE.

September 23, 1937.

Present, All the Justices.

The opinion states the case.

*W. W. Bird* and *M. M. Long,* for the appellants.

*A. T. Griffith,* for the appellee.

EGGLESTON, J., delivered the opinion of the court.

At the first May rules, 1935, R. C. Rasnake filed his bill in the court below against Fausie Musick alleging that they were joint owners of four tracts of land in Russell county, and praying that the said real estate be divided in kind, or in case it be not divisible in kind that it be sold and the proceeds divided. The defendant, Fausie Musick, filed her answer to the said bill, admitted the allegations to be correct and prayed that her share of the lands be laid off in a particular manner.

By a decree entered shortly thereafter the court ascertained that the lands were divisible in kind and appointed commissioners who were directed to make a proper partition thereof. Pursuant to this decree the commissioners went upon and partitioned the lands and filed their report, to which exceptions were taken by Fausie Musick.

Before these exceptions had been passed upon Fausie Musick filed an amended answer and cross-bill, in which she attacked the title of the said R. C. Rasnake to any interest in the lands sought to be partitioned. This title, she alleged, had been acquired by deed dated February 21, 1933, from R. S. Meade, special commissioner, pursuant to the decrees of the same court in the chancery suit of *R. C. Rasnake* v. *Stafford S. Sutherland.*

The cross-bill alleged that the entire proceedings in the said chancery suit, including the decree of sale and the deed whereby Rasnake had acquired title to the land, were null and void. It was alleged that it was the purpose of the said suit to subject the interest of the said Stafford S. Sutherland in said lands to the lien of two judgments in favor of Rasnake against him, one being for the sum of $20 (subject to a credit of $10), and the other for the sum of $10; that there had been no compliance with the provisions of Code, section 6473, requiring a thirty days notice to the said Sutherland that the said suit would be instituted unless the said judgments were paid within that time; and that the giving of the required notice was jurisdictional.

The cross-bill prayed that the said R. C. Rasnake and Stafford S. Sutherland be made parties defendant thereto and required to answer.

Process was issued under the cross-bill and served on Sutherland, who appeared and filed an answer and cross-bill. Sutherland adopted the allegations of the cross-bill of Fausie Musick and attacked the validity of the title of Rasnake to any interest in the said lands on the same grounds alleged by her. He further alleged that the property had been acquired by Rasnake at a grossly inadequate price, to-wit, $60; that the deed whereby Rasnake had acquired title to the property, and the decrees based thereon, had been procured by the fraud of Rasnake, who had led him (Sutherland) to believe that the sale of the property would not be consummated; that he had fully paid and satisfied the judgments and thought that the chancery suit had been abandoned; and that he did not know until the institution of the partition suit that Rasnake had obtained a deed to the said lands.

After Rasnake had filed demurrers and answers to each of the cross-bills, Sutherland proceeded to take the depositions of witnesses in support of the allegations of his cross-bill. The entire proceedings in the former chancery suit of *Rasnake* v. *Sutherland* were offered in evidence and brought under review. Rasnake offered no evidence.

When the matter came on to be heard the trial court entered a decree refusing to set aside the deed whereby Rasnake had acquired title to the property, and from this decree the present appeal has been taken.

Code, section 6472, provides: "Jurisdiction to enforce the lien of a judgment shall be in equity. If it appear to the court that the rents and profits of the real estate subject to the lien will not satisfy the judgment in five years, the court may decree the said estate, or any part thereof, to be sold, and the proceeds applied to the discharge of the judgment."

Code, section 6473, provides: "If the amount of the judgment does not exceed twenty dollars, exclusive of in-

terest and costs, no bill to enforce the lien thereof shall be entertained, unless it appear that thirty days before the institution of the suit, the judgment debtor or his personal representative, and the owner of the real estate on which the judgment is a lien, or, in case of a non-resident, his agent or attorney (if he have one in this State), had notice that the suit would be instituted, if the judgment was not paid within that time."

It is admitted that at the time of the institution of the suit of *Rasnake* v. *Sutherland* the total amount due on the two judgments, exclusive of interest and costs, did not exceed $20, and that the notice required by Code, section 6473, had not been given.

The appellants insist that the statutory requirement of this notice is mandatory; that the failure to give it left the court without jurisdiction and rendered all of the proceedings in the suit null and void; and that hence Rasnake acquired no valid title to the lands in question.

We think this contention of the appellants is unanswerable.

The provision in question, in substantially its present form, was first enacted by the General Assembly in the Acts of 1877-78, ch. 78, p. 68, and was carried into the Revised Code of 1887 as section 3572. The revisors of the Code of 1919 (section 6473) reduced the notice from sixty to thirty days.

The evident purpose of this statute is, we think, to spare a judgment debtor the expense of a suit brought to enforce the lien of a judgment in such a small amount until he shall have been given a final opportunity of paying the claim. It was designed to prevent just what occurred in the present instance. Here a suit in chancery was brought to subject the lands of the debtor to the lien of two small claims, the total of which did not exceed $20, exclusive of interest and costs. The record shows that these judgments were easily collectible,—they were paid in full pending the suit or certainly a short time thereafter. In the meantime

court costs amounting to three times the principal of the claim had been incurred in the chancery suit.

We further think that the requirement of the notice is jurisdictional. The language is: "* * * no bill to enforce the lien thereof shall be entertained,"—that is, no suit shall be brought,—"unless it appear that thirty days before the institution of the suit" the required notice has been given.

But the appellee claims that this court held in *Hawpe* v. *Bumgardner,* 103 Va. 91, 48 S. E. 554, that Code, section 6473, has no application to a general creditors' suit. He says that his was a general creditors' suit; that while he did not specifically allege that the suit was for the benefit of other judgment creditors, as well as himself, he did allege the existence of other judgment liens on the debtor's lands; that the prayer of the bill was that the lands should be subjected to the lien of all of said judgments. In any event, he says, upon the entry of the decree referring the cause to a commissioner to take an account of the liens on the real estate of the judgment debtor, etc., the suit became a general creditors' suit under the holding in *McClanahan's Adm'r* v. *Norfolk & Western Ry. Co.,* 118 Va. 388, 405, 87 S. E. 731.

This interpretation of *Hawpe* v. *Bumgardner, supra,* is not correct. There a suit was brought by a creditor to subject lands to the payment of a judgment of less than $20. Later that cause was consolidated with a general creditors' suit,—one not subject to the objection that it was brought to enforce the lien of a judgment less than the amount specified in the statute. This court held that the consolidation of the two suits did not preclude the enforcement therein of the lien of the judgment for less than $20, although the notice required by Code, section 6473, had not been given.

This, we think, is no more than holding that where a judgment creditor has brought a suit on behalf of himself and all other creditors to enforce the lien of a judgment in excess of $20, another judgment creditor who holds a

lien for less than that amount may intervene in such suit and prove his claim therein without giving the notice required by the above section.

But this does not mean that a single judgment creditor whose claim is less than $20, may avoid the plain requirement of the statute by alleging in his bill that the suit is for the benefit of other creditors as well as himself, or by having entered the usual decree of reference to ascertain and fix the liens on the debtor's real estate.

We are not called upon here to decide what would have been the situation if Rasnake's claim had consisted of two judgments, each less than $20 but the total of which was more than that amount. What we do decide is that where the total amount of a judgment creditor's claim, exclusive of interest and costs, does not exceed $20, he is precluded by the provisions of section 6473 from bringing a suit in equity to subject the land to the lien of the said judgment or judgments unless he first gives the notice required by the section.

Nothing we have said is intended to impinge upon the well established rule that a suit by a single judgment creditor to subject land to the payment of the judgment is converted into a general creditors' suit when an order of reference is entered, as was the case of *McClanahan's Adm'r* v. *Norfolk & Western Ry. Co., supra.* In such case the court assumes the administration of the debtor's assets for the benefit of all creditors, and the original plaintiff is deprived of further dominion of the suit. The order of reference operates to prevent other suits and suspends the statute of limitations. But in order for the decree of reference to have such effect it must be entered in a suit in which the court has jurisdiction. In the case at bar the court had no jurisdiction in the original suit of *Rasnake* v. *Sutherland.* In *McClanahan's Adm'r* v. *Norfolk & Western Ry. Co., supra,* the court had jurisdiction in the original single creditor's suit before the decree of reference was entered. Therein lies the principal distinction between that case and the one presented here.

It is next said that the cross-bill of Stafford S. Sutherland constitutes a collateral attack upon the proceedings and decrees in the chancery suit wherein Rasnake acquired title to the property, and hence must fail for that reason.

There is no merit in this contention. Even assuming that the present suit is a collateral attack on the proceedings in the former suit, yet, as we have already seen, the failure of the appellee to give the notice required by the statute left the court without jurisdiction of the suit to enforce the lien of the judgments. This being so, all of the decrees and proceedings therein are null and void and may be attacked collaterally,—"anywhere at any time and in any court." *Bray* v. *Landergren,* 161 Va. 699, 713, 172 S. E. 252, 257; 6 Digest of Virginia and West Virginia Reports (Michie), p. 332, section 358, citing numerous cases.

But we think it is clear that the present proceedings constitute a direct and not a collateral attack on the decree of sale. The very purpose of the cross-bill filed by Sutherland in the present suit was to attack the validity of the proceedings and the deed whereby Rasnake had acquired title to the property. It was alleged in the cross-bill that failure to comply with the requirements of Code, section 6473, had rendered the proceedings in the prior suit null and void. Issue was joined on this in the answer filed by Rasnake to the cross-bill. The entire proceedings in the prior suit were offered in evidence. The testimony taken on behalf of Sutherland was directed solely to the validity of the proceedings in the former suit. The decree appealed from upholds the validity of the judgment and proceedings thus brought under review. This constitutes a direct and not a collateral attack on such proceedings.

In *Nelson Transfer & Storage Co.* v. *Jarrett,* 110 W. Va. 97, 157 S. E. 46, 47, it is said: "In determining whether an attack upon a judgment is direct or collateral, a basic factor to be considered is whether the proceeding involves a review or annulment of the judgment, or a mere avoidance of its effects, as, for example, by preventing the enforcement of an execution predicated thereon. In the

former instance the attack is direct; in the latter, collateral." See also, Freeman on Judgments (5th Ed.), sec. 306, p. 607.

It is well settled that a direct attack on a judgment may be set up by a cross-bill, as was done here. Freeman on Judgments (5th Ed.), sec. 308, p. 616.

The view we have taken of the matter makes it unnecessary that we pass upon the allegations of Sutherland that the decree of sale was procured by fraud on the part of Rasnake.

The decree complained of should be reversed and the cause remanded for further proceedings not inconsistent with this opinion. It is so ordered.

*Reversed and remanded.*